UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No.: 09-21931-CIV-SEITZ/ O'SULLIVAN

YUDARMI FUENTES, and others
similarly situated,

    Plaintiffs,

v.

CAI INTERNATIONAL, INC., a
Florida corporation, and AVELINO A.
VEGA, individually,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1.C of the Southern District of Florida, Defendants CAI International, Inc. ("CAI") and Avelino A. Vega (collectively "Defendants") file this Response in Opposition to Plaintiff's Partial Motion for Summary Judgment ("Plaintiff's Motion") and state as follows:

The Court should deny the Plaintiff's Motion for Partial Summary Judgment because there remain genuine issues of material facts and the Plaintiff is not entitled to Judgment as a matter of law. There is a genuine issue as to a material fact regarding whether or not the pre-employment agreement signed by the Plaintiff and Defendant/Employer, granted the employee greater rights than those guaranteed to her under the FLSA and as such, is not preempted by the FLSA.

**I.    INTRODUCTION**

Prior to beginning her employment at CAI as a cell phone salesperson, Plaintiff was presented with an election form that allowed her to choose between two methods of compensation: (1) receiving an hourly wage greater than the then federally mandated minimum wage , plus

overtime compensation for all hours worked in excess of forty in any given work week at a rate of one and a half times her hourly wage; or (2) receiving the agreed upon hourly wage for all hours worked (including any hours in excess of forty) plus commissions on sales of cell phones and cell phone services she made, accessories, as well as commissions on all sales made by other employees at her worksite. The second option allowed Plaintiff to earn significantly more through commissions that she would have earned simply receiving overtime compensation.[1] Not surprisingly, Plaintiff voluntarily selected the first option. Plaintiff did not change her election for the duration of her employment at CAI, even though the employer freely allowed her to change her mind, at any point and begin receiving overtime compensation in lieu of sales commissions, for hours worked above 40 hours per week.

Plaintiff's Motion seeks summary judgment, claiming that CAI's pre-employment voluntary election form is invalid as a matter of law.[2] In so arguing, Plaintiff's Motion incorrectly characterizes the voluntary election form as a traditional "waiver" of Plaintiff's guaranteed rights under the FLSA. However, as Plaintiff's Motion readily acknowledges, the FLSA "does not pre-empt state law contracts that are more generous than what the FLSA demands." (Plaintiff's Motion at 4). Freeman v. City of Mobile, Ala., 146 F3d 1291, 1298 (11th Cir. 1998); Avery v. City of Talladega, Ala., 24 F.3d 1337, 1348 (11th Cir. 1994). Since the CAI's election form merely allowed Plaintiff to voluntarily choose a method of compensation that allowed her to earn more than simply overtime compensation, including commission on sales made by other fellow store

---

[1] CAI offered its employees the option to select compensation based on sales commissions because it sought to create a competitive environment where all salespeople were motivated to sell as much as possible. CAI did not classify its salespeople as exempt pursuant to the FLSA's Commissioned Sales Employee exemption because it was difficult to ensure that at least half of each salesperson's weekly earnings would be derived from commissions, as required by the exemption. 29 U.S.C. §207(i) (2010).

[2] Inartfully titled "Release and Waiver of Overtime Compensation." The body of the document clearly explains it is an election of the terms of employment and specifically provides the rights guaranteed to the employee pursuant to FLSA.

employees, the election form did not abridge her FLSA rights. Therefore, CAI's election form is neither invalid as a matter of law nor public policy.

## II. CAI'S PRE-EMPLOYMENT ELECTION FORM IS NOT A "WAIVER," AS ANALYZED BY THE ELEVENTH CIRCUIT IN LYNN'S FOOD STORES

Plaintiff's Motion cites Lynn's Food Stores, Inc. v. U.S. Department of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982), to support her conclusion that CAI's pre-employment election form is invalid because it waives FLSA rights. (Plaintiff's Motion at 4). The Court in Lynn's Food Stores, however, analyzed the propriety of an employer's attempt to settle claims with employees after it failed to properly compensate them. The Eleventh Circuit concluded that such "waivers" were invalid absent approval from the Department of Labor or a court, because the purpose of the FLSA was to protect employees from substandard wages and the "inequalities in bargaining power between employers and employees" would likely force employees to bargain away rights guaranteed under the FLSA. Id. The holding in Lynn's Food Stores does not apply here because CAI's pre-employment election form did not function as a "waiver." Instead of attempting to force employees to "release" their rights to compensation after those rights had been denied, the pre-employment election form allowed employees to voluntarily choose between two different forms of compensation, and elect to earn significantly more than minimum wage plus overtime.

Prior to beginning her employment with CAI, Plaintiff was presented with an election form that informed her about her rights under the FLSA and allowed her to select a method of compensation. The election form was read and explained to Plaintiff in Spanish by the company supervisor, Ricardo Gonzalez. (Depo. R.Gonzalez, pp. 9, 10). The election form stated, in pertinent part, as follows:

> Releasor is aware of the rights guaranteed to him/her under the Fair Labor Standards Act, 29 U.S.C. Section 201, et sec, and other State or Federal Laws, including the right to receive payment of a rate of at least one and one half times the regular hourly wage paid to him/her for any hours worked in excess of forty (40) hours per week.

> Releasor acknowledges he/she is paid at a rate of $7.50, which is in excess of the present federally guaranteed minimum wage, and he/she would be entitled to receive one and a half times that amount at least, for any hours worked above forty (40) hours per week.
>
> Releasor has been offered the opportunity to earn commissions in addition to his/her hourly wage and said opportunity at their discretion may include his/her election to work more than forty (40) hours per week in order to take advantage of earning additional compensation, in the form of commission for sales.

Unlike the waivers analyzed in Lynn's Food Stores, CAI's pre-employment election form allowed Plaintiff to determine whether she wanted to earn an hourly wage plus time and a half for all overtime hours worked, or the same straight hourly wage for all hours worked plus commissions on all sales she made, plus commissions on all sales made at the Store, by other employees, even when she was not at work at all. Plaintiff voluntarily chose to receive commissions because it allowed her to earn significantly more compensation. This arrangement came with absolutely no potential downside risk to Plaintiff. In fact, she maintained the right to change her mind at any point. Despite this, Plaintiff never complained to anyone at CAI, and never chose to switch her compensation arrangement back to overtime at time and a half, during her employment. Because of these significant differences, CAI's pre-employment election form is not prohibited by Lynn's Food Stores and not invalid as a matter of law.

### III. CAI'S PRE-EMPLOYMENT ELECTION FORM ALLOWED PLAINTIFF TO EARN MORE THAN WHAT WAS GUARANTEED BY THE FLSA

Both Plaintiff and CAI agree with the relevant legal standard before the Court on this matter- that while agreements that abridge rights guaranteed by the FLSA are invalid, agreements that provide an employee more than what the FLSA guarantees are valid, and enforceable and not preempted by FLSA. (Plaintiff's Motion at 4). CAI's pre-employment election form, in fact, allowed Plaintiff to earn significantly more compensation. The company accountant, Yodiosmay Gonzalez, prepared an analysis of the Plaintiff's wages actually paid pursuant to her election to be

paid at an hourly rate plus commission versus her wages had she been paid at an hourly wage plus time and a half for all hours above 40 hours per week. The results are as follows:

- January 2007 through December 2007, wages actually paid $30,365.00 versus $27,028.00 had she been paid overtime;
- January 2008 through December 2008, wages actually paid $35,574.00 versus $27,203.00 had she been paid overtime;
- January 2009 through May 2009, wage actually paid $10,609.00 versus $8,864.00 had she been paid overtime.

(Depo. Y.Gonzalez, pp. 23, 30, 31, and Composite Exhibit 2). As such, the agreement neither abridged Plaintiff's FLSA rights nor "nullif[ied] the purposes" of the FLSA. Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981).

Contrary to Plaintiff's contention, such agreements are not invalid due to public policy concerns.For instance, in analyzing sexual harassment claims under Title VII, the Supreme Court provided employers with a defense that allowed them to avoid liability when they undertook certain affirmative steps to comply with the law. Faragher v. City of Boca Raton, 524 U.S. 775 (1998). In creating this defense, the Court noted that the "primary objective" of Title VII was "not to provide redress but to avoid harm." Id. at 806. Although courts have not yet adopted a Faragher-type defense for employers under the FLSA, courts have recognized that employees, at a minimum, are obligated to avail themselves of opportunities to avoid harm, and should not be allowed to increase their potential FLSA damages for their failure to do so. See Newton v. City of Henderson, 47 F.3d 746 (5th Cir. 1995) (holding that employer was not liable for overtime compensation when employee worked despite employer's denial of overtime request).

Through its pre-employment election form, CAI created a system wholly in Plaintiff's favor. The system allowed Plaintiff to determine which form of compensation would confer more benefits on her, and allowed her to switch her choice whenever she wanted. Not only did Plaintiff maintain her initial selection to receive commissions, she never complained about the arrangement until she

filed this lawsuit after her termination.  Based on Plaintiff's realized earnings as stated above, it is easy to see why she never complained or switched her initial election.  The arrangement CAI proposed allowed Plaintiff to earn far in excess of the minimal guarantees conferred by the FLSA.  Indeed, the arrangement allowed Plaintiff to enjoy a sense of "ownership" by sharing in a portion of the company's profits even on all sales made by fellow employees at the store while she was not working.  For this reason, the Court need not give credence to Plaintiff's admonition that deeming the election form valid would allow future employers to "evade the mandatory overtime requirements" and thwart the "[c]ongressional purpose behind the FLSA to correct and eliminate labor conditions detrimental to the maintenance of the minimal standard of living." (Plaintiff's Motion at 5).  To the contrary, explicitly allowing for such arrangements would bolster the purpose of the FLSA by allowing employers to devise compensation systems that allow employees to be compensated in ways that far exceed the minimum requirements imposed by the FLSA.

## IV.   CONCLUSION

Nothing in the FLSA prevents employers from giving employees the opportunity to earn more than what they would otherwise earn.[3]  It is no secret that the FLSA's original purpose has been perverted by an overly-zealous plaintiff's bar, particularly in Florida.[4]  CAI's attempt to increase its sales and allow its employees the opportunity to share in the company's success, while simultaneously complying and exceeding with both the letter and intent of the FLSA should not be punished.  Plaintiff opted to receive greater compensation by voluntarily availing herself of the opportunity to earn sales commissions.  Plaintiff made this election after CAI made her aware of the

---

[3] In fact, many states have enacted statutes augmenting the rights established by the FLSA.  This is most obviously illustrated by Florida's State Constitution, which sets a higher minimum wage standard than that guaranteed by the FLSA.  FLA. CONST. Art. X, §24 (2010); Fla. Stat. §448.110 (2010).

[4] PACER reveals that the Southern District of Florida saw 1,252 new FLSA cases appear on its docket (either through filing or removal) in 2009.  The Middle District of Florida saw 776 new filings during the same time period.

existence of the FLSA, the rights guaranteed by the FLSA, and the compensation she could expect to earn if she elected to receive overtime compensation and no commissions on sales. Plaintiff personally and voluntarily selected the second option (earning commissions on her sales, as well as commissions on all store sales) after she herself determined that the second option provided her with the opportunity to earn significantly more.

Through this lawsuit, Plaintiff is now (after her termination) demanding the "best of both worlds," seeking the benefits of <u>both</u> the sales commissions she voluntarily chose to share in, as well as overtime compensation for all hours worked in excess of forty (40) each workweek.[5] Both the intent of the FLSA and common sense mitigate in favor of CAI, an actively compliant employer, as opposed to Plaintiff, an opportunistic former employee, who seeks to subvert the FLSA for her own personal gain. At the very least, an issue of fact exists as to whether CAI's pre-employment election form granted employees the opportunity to earn more than what is guaranteed by the FLSA. Therefore, Plaintiff's Motion should be denied.

WHEREFORE, based on the foregoing, Defendants, CAI International, Inc. and Avelino A. Vega respectfully request that this Court enter an Order denying Plaintiff's Partial Motion for Summary Judgment as a matter of law.

Respectfully submitted this 15th day of April, 2010.

                                                Manuel F. Fente, Esq.
                                                Fla. Bar #234737
                                                Law Offices of Manuel F. Fente, P.A.
                                                1110 Brickell Avenue, Seventh Floor #700
                                                Miami, Florida 33131
                                                Telephone: (305) 379-4900
                                                Facsimile: (305) 423-3212
                                                mfente@fentelaw.com

---

[5] Of course, Plaintiff has not offered to apply the commissions she earned as a set-off against any alleged unpaid overtime. Plaintiff seeks to keep the commissions she already earned, in addition to overtime compensation for all hours worked in excess of forty (40).

Case No.: 09-21931-CIV-SEITZ/ O'SULLIVAN

And

Rene F. Ruiz, Esq.
Fla. Bar #0520284
Stearns, Weaver, Miller, Weissler
Alhadeff & Sitterson, P.A.
150 West Flagler Street, #2200
Miami, Florida  33130
Telephone: (305) 789-3291
Facsimile:  (305) 789-2691
rruiz@stearnsweaver.com


Rene F. Ruiz
Attorneys for Defendandts

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, this 15th day of April 2010 which will send notification of such filing to Plaintiff's counsel:

Eddy O. Marban, Esq.
The Law Offices of Eddy O. Marban
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone: (305) 448-9292
Facsimile: (305) 448-2788
marban@bellsouth.net

#273294 v1