UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No.: 09-21931-CIV-SEITZ/ O'SULLIVAN

YUDARMI FUENTES, and others
similarly situated,

    Plaintiffs,
v.

CAI INTERNATIONAL, INC., a
Florida corporation, and AVELINO A.
VEGA, individually,

    Defendants.
_____/

**DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUE OF THE EMPLOYER'S "GOOD FAITH"**

    Defendants CAI INTERNATIONAL, INC., a Florida corporation and AVELINO A. VEGA, individually by and through their undersigned counsel, move this Honorable Court to enter Partial Summary Judgment in their favor and against the Plaintiff on the issue of the Employer's Good Faith Defense to the Plaintiff's prayer for a three year statute of limitations and liquidated damages.

    The Defendants CAI INTERNAIONAL, INC., and AVELINO A. VEGA (hereinafter referred to as "Employer") have established both objectively and subjectively they acted in good faith in their failure to pay the Plaintiff overtime wages.

**UNDISPUTED FACTS**

    The Plaintiff YUDARMI FUENTES ("Plaintiff") brought the present action seeking payment of overtime wages against Employers based upon her claim of working in excess of forty hours per week as an in store sales person.  Employer principal officer, AVELINO A.

VEGA is the sole owner and principal officer of Defendant CAI INTERNATIONAL, INC., a Florida Corporation which owns and operates several retail cell phone outlets in Miami, Dade County, Florida.

Defendant VEGA as principal officer of the Employer sought the advice of counsel, Manuel F. Fente, to establish a means and method of employment of the sales staff for his companies which complied with the requirements of the Fair Labor Standards Acts. (Deposition A. Vega p. 23). The attorney from whom Defendant VEGA sought advise, Fente was known to VEGA and VEGA expressed his trust in Fente's opinion. (Deposition A. Vega p. 23).[1]

Defendant VEGA disclosed to his attorney information regarding the terms of employment of the Plaintiff, including the hours of work the volume and amounts of sales, and a commission structure for the benefit of the employees, which included earning commissions on all products sold, including telephones, telephone services, accessories, upgrades and data transfer. Based upon the advice of counsel, and relying upon the sales experience of the company, VEGA asked his attorney FENTE, to prepare a document titled Release and Waiver of Overtime Compensation. (Exhibit A to Defendants' Answer and Affirmative Defenses).

The document clearly and expressly informs the prospective employee the Plaintiff herein , of her rights under the Fair Labor Standard Acts to receive payment of overtime wages at a rate at least one and half times the regular hourly rate. The document further offers the employee an opportunity to elect to be paid the regularly hourly wage plus commissions, although she may elect to work more than forty hours per week. Plaintiff signed the document and for the totality of her employment with the Defendants' (approximately 29 months) received

---

[1] Fente had previously represented Vega, and has been Vega's brother-in-law for 21 years.

payments of regular wages for all of the hours she worked plus significant compensation in the form of commission payment which greatly exceeded the amounts she would have received had she elected to be paid regular wages for forty hours per week and overtime for any hours thereafter.

Attorney prepared the election agreement to comply with the needs of the employer, VEGA and comply with FLSA by allowing the employees to earn compensation in the form of commission in excess of the minimal benefits guaranteed to them by the FLSA.  (Deposition M. Fente, p. 17, 18, 19).  At all times the Plaintiff had to option of changing her mind and electing to be paid forty hours at her regularly wage and any hours thereafter as overtime, at time and a half. (Deposition Fente, p. 25).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is "mandate[d]" in a case where a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, as to which that party will bear the burden of proof  at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule 56 of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (citations omitted).  In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), the Supreme Court recognized that:

> By its very terms, this standard provides that the mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact.

(emphasis in original). In Earley v. Champion Int'l Corp., 907 F.2d 1077 (11th Cir. 1990), the Eleventh Circuit recognized that "[s]ummary judgments for defendants are not rare in employment… cases," and that the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Id. at 1080 (quoting, Celotex, 477 U.S. at 327). Employers are entitled to summary judgment as a matter of law on the narrow issue of whether they acted in good faith with regard to their compensation system because Plaintiff has not and cannot establish that they acted either willfully, or with reckless disregard for the minimum wage guarantees established by the FLSA.

## LAW AND ARGUMENT

The employer VEGA acted in good faith in its failure to pay overtime to Plaintiff because upon the advice of counsel and based upon an open discussion and information provided to counsel, established an employment agreement whereby the employee Plaintiff, was granted benefits in excess of the minimum benefits guaranteed by the FLSA. Employer is afforded a defense against the Plaintiff's claim the Employer acted willfully and/or recklessly, thereby incurring the imposition of liquidated damages, if the Employer carries the burden of satisfying both the subjective and objective components that it acted in good faith. Dybach v. State of Florida Department of Corrections, 942 F.2d 1562 (11th Cir. 1991).

Subjectively, VEGA consulted and relied upon the advise of counsel with whom he expressed he had a relationship of trust. VEGA further implemented an employment agreement whereby the Plaintiff was both afforded the opportunity of electing between being paid pursuant to the minimum benefits afforded by the FLSA to wit, hourly wages in excess of the Federal Minimum Wage plus time and a half for overtime; or straight hourly wage plus commission on

sales. Employer VEGA further actually informed Plaintiff of her rights under the FLSA at the time she was first asked to make the election of how she choose to be compensated.

Plaintiff, during the nearly three years she worked for the Defendants, earned significantly more in commission plus hourly wages paid at regular time, than she would have earned had she chosen to be paid under the FLSA minimum hourly wages plus time and a half for overtime. Analysis of wages actually paid prepared by company accountant, Yodiosmay Gonzalez. (Deposition Y. Gonzalez p.23, 30, 31 and composite exhibit 2).

Objectively, Defendant VEGA acted in good faith because the employment agreement he implemented provided greater benefits then the minimum requirements of the FLSA. Based upon discussions with counsel, review of his own internal records of sales, Defendant VEGA as Employer created a payment plan which was designed to and did exceed the benefits which the Plaintiff would have derived from the minimum benefits guaranteed by the FLSA. Employment Agreements which provide greater benefits than those required by the FLSA are not preempted by Federal Law. See <u>Fernandez v. Belly, Inc</u>., 2006 WL 5159188 (M.D. Fla. 2006). <u>Freeman v. City of Mobile, Ala</u>. 146, F3d 1291, 1298 (11th Cir. 1998). The employment agreement relied upon by the Employer VEGA, was a good faith effort to comply with the requirements of the FLSA act, and at the same time create an incentive for the Plaintiff to increase her sales, make more money, and advance the interests of the Employer. As such the employment agreement was a "win, win" situation for both the Plaintiff and the Defendants.

## CONCLUSION

The Defendants CAI and VEGA neither acted willfully nor recklessly with respect to their failure to pay overtime wages to Plaintiff. In fact, the Employers acted in good faith in establishing an employment agreement and relationship which provided the Plaintiff greater

5

benefits than those guaranteed to her by the FLSA. As borne out by the facts, the Defendants good faith resulted in the Plaintiff earning significantly more in wages based upon her election and her declining to be paid regular hourly wages for forty hours per week and time and a half for any hours thereafter.

WHEREFORE for the foregoing reasons, Defendants CAI INTERNATIONAL, INC., a Florida Corporation and AVELINO A. VEGA, individually request this Honorable Court enter Partial Summary Judgment in their favor on their defense of good faith.

Respectfully submitted this 15th day of April, 2010.

    Manuel F. Fente, Esq.
    Fla. Bar #234737
    Law Offices of Manuel F. Fente, P.A.
    1110 Brickell Avenue
    Seventh Floor #700
    Miami, Florida 33131
    Telephone: (305) 379-4900
    Facsimile: (305) 423-3212
    mfente@fentelaw.com

    And

    Rene F. Ruiz, Esq.
    Fla. Bar #0520284
    Stearns, Weaver, Miller, Weissler
    Alhadeff & Sitterson, P.A.
    150 West Flagler Street, #2200
    Miami, Florida  33130
    Telephone: (305) 789-3291
    Facsimile:  (305) 789-2691
    rruiz@stearnsweaver.com


    Rene F. Ruiz
    Attorneys for Defendants

Case No.: 09-21931-CIV-SEITZ/ O'SULLIVAN

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, this 15th day of April 2010 which will send notification of such filing to Plaintiff's counsel:

Eddy O. Marban, Esq.
The Law Offices of Eddy O. Marban
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone: (305) 448-9292
Facsimile: (305) 448-2788
marban@bellsouth.net

#273878 v1