UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21931-CIV-SEITZ/O'SULLIVAN

YUDARMI FUENTES, and all others
similarly situated,

      Plaintiffs,

v.

CAI INTERNATIONAL, INC., a Florida
corporation, and AVELINO A. VEGA,
individually,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Partial Summary Judgment (DE# 24, 4/1/10) and the Defendant's Motion for Partial Summary Judgment on the Issue of the Employer's Good Faith (DE# 27, 4/15/10). These motions were referred to the undersigned by the Honorable Patricia A. Seitz (DE# 13, 10/19/09) pursuant to the parties' Consent to Jurisdiction by a United States Magistrate Judge for Final Disposition (DE# 11-2, 10/1/09). Having reviewed the motions, the responses and the replies as well as the evidence in the record and the applicable law, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Partial Summary Judgment (DE# 24, 4/1/10) is GRANTED and the Defendant's Motion for Partial Summary Judgment on the Issue of the Employer's Good Faith (DE# 27, 4/15/10) is DENIED for the reasons set forth below.

## INTRODUCTION

The plaintiff, Yudarmi Fuentes, filed this lawsuit against the defendants, CAI

International, Inc. and Avelino A. Vega, individually, alleging that the defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201- 219, and the Florida Constitution Art. 10 § 24, under 28 U.S.C. 1343,  by failing to pay her for the hours that she worked overtime**.**  The defendants contend that they did not violate the FLSA because the plaintiff agreed to be paid more than the federal minimum wage, plus commissions earned on sales made by her and the other store employees.  The defendants maintain that she was paid more under her compensation election than she would have received had she earned overtime.

## FACTS

The plaintiff was an in-store sales clerk at the defendant's cellular telephone store from November 1996 through May 2009.  See Payroll and time records (DE# 24-1 through 24-4, 4/1/10); R. Gonzalez Depo. pp. 4, 8-10, 20 (DE# 25-2, 4/1/10); A. Vega Depo. pp. 13-14)(DE# 25-1, 4/1/10).  The individual defendant, Avelino A. Vega: 1) had the power to hire and fire employees, (2) had the power to supervise employees such as the plaintiff; 3) determined the plaintiff's rate of pay; 4) maintained employee records; and 5) was responsible for ensuring that there were sufficient funds to pay employee salaries. See Answers to Interrogatories (DE# 24-6, 4/1/10).  The individual defendant, Mr. Vega, is the sole owner and principal officer of the corporate defendant. See Defs.' Undisputed Facts in its Motion (DE# 27, 4/15/10).

The plaintiff signed an employment agreement labeled "Release and Waiver of Overtime Compensation."  See Exhibit A to the Defendant's Answer and Affirmative Defenses attached as Exhibit 1 to the Deposition of Avelino A. Vega  (DE# 25-1, Ex. 1-A; 4/1/10) The Release and Waiver of Overtime Agreement provides in pertinent part:

2

> The undersigned hereby specifically releases, remises and waives the rights to be paid hourly overtime in consideration for being offered the opportunity to earn commission in additional [sic] to [her] employment upon the following conditions.
> ...
> 2.  Releasor acknowledges he/she is paid at a rate of $7.50 which is in excess of the present federally guaranteed minimum wage, and he/she would be entitled to receive one and a half times that amount at least, for any hours worked above forty (40) hours per week.
> 3.  Releasor has been offered the opportunity to earn commissions in addition to his/her hourly wage and said opportunity at their discretion may include his/her election to work more than forty (40) hours per week in order to take advantage of earning additional compensation, in the form of commission for sales.
> ...
> 5. ... Release specifically waives and releases employer ... from any and all liability, claim causes of actions or rights of any nature under the [FLSA] and any other Federal or State Laws which may have guaranteed onto them the right to be paid overtime wages, or any form of compensation above what is set forth herein ....

Id.  Defendants' counsel, Manuel F. Fente, Esq., and his brother-in-law, Mr. Vega,

jointly prepared the Release and Waiver of Overtime Compensation.  Deposition of

Manuel Fente p. 17  (DE# 28-1. 4/15/10)

The plaintiff filed the following exhibits: 2006 time and payroll records (DE# 24-1, 4/1/10); 2007 time and payroll records (DE# 24-2, 4/1/10); 2008 time and payroll records (DE# 24-3, 4/1/10); 2009 time and payroll records (DE# 24-4, 4/1/10); Commission record (DE# 24-5, 4/1/10);  the defendant Vega's Answers to Interrogatories (DE# 24-6, 4/1/10); the transcript of the Deposition of Avelino Vega and Exhibits (DE# 25-1, 4/1/10); the transcript of the Deposition of Ricardo Gonzalez and Exhibits (DE# 25-2, 4/1/10); the transcript of the Deposition of Yodiosmay Gonzalez and Exhibits (DE# 25-3, 4/1/10); and the Subpoena to Testify at a Deposition in a Civil Action directed to Manuel F. Fente, Esq. (DE# 34-1, 5/10/10).  The only exhibit filed by

the defendant is the transcript of the Deposition of Manuel F. Fente, Esq. (DE# 28-1, 4/15/10).  Neither party filed any affidavits.  The cross-motions for partial summary judgment are ripe for disposition.

## LEGAL ANALYSIS

### I.      STANDARD OF REVIEW

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).  In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party.  Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990);

Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the court must deny the motion and proceed to trial. Adickes, 398 U.S. at 157; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56( c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The non-moving party is not required to respond to the motion for summary judgment with evidence unless the movant has properly supported the motion with

sufficient evidence. <u>Adickes</u>, 398 U.S. at 160. "'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidence is presented.'" <u>Id</u>. (quoting the Advisory Committee's note on the amendment to Rule 56)(footnote omitted).  The standard of review for a summary judgment requires the court  to resolve all ambiguities and draw all justifiable inferences in favor of the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

Where the moving party properly supports the motion for summary judgment, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Fed. R. Civ. P. 56, "designate 'specific facts showing that there is a genuine issue for trial.'" <u>L.S.T., Inc. v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (citing <u>Celotex</u>, 477 U.S. 317, 353).

## II.    DISCUSSION

### A.    The Plaintiff Is Entitled to a Partial Summary Judgment

In her motion, the plaintiff seeks entry of a partial summary judgment on two issues: 1) that the plaintiff's Waiver and Release of Overtime Compensation is preempted by the FLSA because overtime compensation cannot be contractually waived; and 2) that the individual defendant, Avelino A. Vega, is an employer under the FLSA due to his operational role with respect to employees of the corporate defendant.

In their Response, the defendants argue that the plaintiff's motion for partial summary judgment should be denied because a genuine issue of material fact exists as to whether the Release and Waiver of Overtime Compensation granted the plaintiff

greater rights than those guaranteed to her under the FLSA and thus, that such pre-employment agreement is not preempted by the FLSA.  Defs.' Response at 1.  The defendants do not respond to the plaintiff's motion regarding whether Mr. Vega is an employer under the FLSA.

## I.        The FLSA Preempts the Contractual Waiver of Overtime

The plaintiff maintains that overtime wages cannot be waived under the FLSA. The plaintiff argues that the Release and Waiver of Overtime Compensation wherein the plaintiff purportedly waived her right to overtime is preempted by the FLSA. The defendants contend that a fact issue exists as to whether the Release and Waiver of Overtime Compensation was more generous than the FLSA and thus, is not preempted by the FLSA.  The defendants argue that the Release and Waiver of Overtime Compensation "allowed Plaintiff to earn significantly more through commissions that [sic] she would have earned simply receiving overtime compensation."  Defs. Response pp. 2, 4.  The defendants rely on their company accountant, Yodiosmay Gonzalez' "analysis of the [p]laintiff's wages actually paid pursuant to her election to be paid at an hourly rate plus commission versus her wages had she been paid at an hour wage plus time and a half for all hours above 40 hours per week."  Id. pp. 4-5; Deposition of Yodiosmay Gonzalez pp. 23, 30, 31; Composite Ex. 2 (DE# 25-3; 4/1/10).

In her Reply, the plaintiff argues that the defendants' argument is flawed in two respects: 1) commissions earned by employees must be included in the regular rate of pay in order to calculate overtime pay; and 2) that even if it is assumed that the plaintiff would earn more money making commissions, that the Release and Waiver of Overtime Compensation did away with overtime pay. Pl.'s Reply at 1.  The plaintiff

further argues that the defendants failed to show that plaintiff would earn more if she earned commissions.  Id. at 1 n.1.

Generally, "[t]he FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular work week."  Friedman v. South Florida Psychiatric Associates, Inc., 1139 Fed. Appx. 183 *15 (11th Cir. 2005); see 29 U.S.C. § 207(a).  In Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. Of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982), the Eleventh Circuit acknowledged that "'FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Id. (quoting Barrentine v, Arkansas-Best Freight System, 450 U.S. 728, 740 (1981)(citations omitted)); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."); Dees v. Hydradry, Inc., __ F. Supp. 2d __, 2010 WL 1539813 *9 (M.D. Fla. April 19, 2010) (explaining that "an employee may not prospectively waive its right to a minimum wage or to overtime compensation").

In Walling v. Helmerich & Payne, 323 U.S. 37 (1944), the Supreme Court explained that

> [i]t is no answer that the artificial regular rate was a product of contract or that it was in excess of the statutory minimum.  The [FLSA] clearly contemplates the setting of the regular rate in a bona fide manner through wage negotiations between employer and employee, provided that the statutory minimum is respected.  But this freedom of contract does not include the right to compute the regular rate in a wholly unrealistic and artificial manner so as to negate the statutory purposes.  Even when wages exceed the minimum prescribed by Congress, the parties to the contract must respect the statutory policy of requiring the employer to pay

one and one-half times the regular hourly rate for all hours actually
worked in excess of 40.  Any other conclusion in this case would exalt
ingenuity over reality and would open the door to insidious disregard of
the rights protected by the Act.

Id. at 42.

The Supreme Court explained that "the twofold Congressional purpose of

enacting the overtime provision in the FLSA is: first, to spread employment by placing

financial pressure on the employer through the overtime pay requirement; and second,

to compensate employees for the burden of a workweek in excess of the hours fixed by

the Act."  Id. at 40 (internal citations omitted)  In Walling, the Supreme Court found that

["]the vice of the [employer's] plan lay in the fact that the contract regular rate did not

allow ... extra compensation to be paid for true overtime hours."  Id. at 41.  Although the

employment agreement in Walling was factually different than the one at issue in the

present case, the Supreme Court's finding that the agreement violated the

requirements of the FLSA is instructive.

The defendants argue that the Release and Waiver of Overtime Compensation

is not preempted by the FLSA because it is more generous than the FLSA

requirements regarding compensation.  Both parties acknowledge that the FLSA does

not preempt state law contracts that are more generous than what the FLSA demands.

See Pl.'s Motion at p. 4 (DE# 24, 4/1/10); Defs. Response at p. 2; see also, Fernandez

v. Belly, Inc., 2006 WL 5159188, * 3 (M.D. Fla. 2006); Freeman v. City of Mobile, Ala.,

146 F.3d 1292, 1298 (11th Cir. 1998); Avery v. City of Talladega, Ala., 24 F.3d 1337,

1348 (11th Cir. 1994).  Notwithstanding, the cases upon which the parties rely are

inapposite.

The plaintiff and defendants' reliance on <u>Freeman</u> and <u>Avery</u> is misplaced. Unlike the present case, <u>Freeman</u> and <u>Avery</u> addressed preemption by the FLSA in the context of contractual claims for overtime compensation in addition to FLSA claims. <u>Freeman</u> and <u>Avery</u> are factually distinguishable because neither decision involved an election of commissions in lieu of overtime compensation.  Neither case involved a contract that expressly waived a right to overtime pay.

In <u>Freeman</u>, the Eleventh Circuit found that the contractual claim based on an employment contract was preempted because the contract was not more generous than the FLSA; it simply incorporated the FLSA overtime provision.  In <u>Avery</u>, the Eleventh Circuit found that there was no FLSA violation, but that the contractual claim was valid because the employment contract provided overtime compensation greater than the FLSA.

Unlike <u>Freeman</u> and <u>Avery</u>, in the present case, the Release and Waiver of Overtime Compensation, provided no overtime compensation and did not guarantee that the plaintiff's hourly rate for all hours worked (including any hours in excess of 40) plus commission would meet or exceed what she would be entitled to receive for overtime compensation under the FLSA.  Instead, the Release and Waiver of Overtime Compensation expressly stated that the plaintiff waived her right to any overtime compensation.  Because the FLSA requires overtime compensation for hours worked in excess of 40, which cannot be contractually abridged or waived, the plaintiff's contractual waiver of overtime in the Release and Waiver of Overtime Compensation is preempted by the FLSA.  <u>See  Barrentine</u>, 450 U.S. at 740; <u>O'Neil</u>, 324 U.S. at 707; <u>Lynn's Food Stores</u>, 679 F.2d at 1352.   The plaintiff is entitled to a partial summary

10

judgment that the Release and Waiver of Overtime Compensation does not bar her claim for overtime pay.

## II.   The Defendant, Avelino A. Vega, Is an "Employer" under the FLSA

The plaintiff seeks entry of a partial summary judgment establishing that the individual defendant, Avelino A. Vega, is an FLSA employer due to his operational control over the defendant corporation.  The defendants do not address this issue in their response.[1]  Because it is undisputed that Mr. Vega had operational control over the defendant corporation, the plaintiff is entitled to partial summary judgment on Mr. Vega's status as an "employer" under the FLSA.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee...."  29 U.S.C. § 203(d).  In Patel v. Wargo, 803 F.2d 632 (11th Cir. 1986), the Eleventh Circuit acknowledged that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Id. at 637-38 (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)(citations omitted).

Federal courts are required to determine the economic reality of the relationship between the parties.  See Goldberg v. Whitaker House Co-op, Inc., 366 U.S. 28, 33

---

[1]Rule 7.1(C) of the Local Rules for the United States District Court for the Southern District of Florida authorizes this Court to grant a motion by default when a party opposing a motion fails to respond. Rule 7.1(C), provides, in pertinent part:
Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  Failure to do so may be deemed sufficient cause for granting the motion by default.

(1961).  The Eleventh Circuit explained that the economic reality test includes:

whether the alleged employer (1) had the power to hire and fire the employees, (2)

supervised and controlled employee work schedules or conditions of employment, (3)

determined the rate and method of payment, and (4) maintained employment records.

Villareal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997) (quoting Bonnette v. California

Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)).

 It is undisputed that the individual defendant, Avelino A. Vega, hired and fired

employees, supervised employees, determined their rates of pay and method of

payment, and maintained employee records.  See Vega's Answers to Interrogatories.

(DE# 24-6, 4/1/10).  Mr. Vega is an employer under the FLSA because he has

operational control over the defendant corporation and is directly involved in decisions

affecting employee compensation and hours worked by employees such as the plaintiff.

See Vega's Answers to Interrogatories (DE# 24-6, 4/1/10).  The plaintiff is entitled to a

partial summary judgment on Mr. Vega's status as an employer under the FLSA.

## B. Disputed Factual Issues Regarding the Employer's "Good Faith" Defense Preclude Summary Judgment

 In their motion for partial summary judgment, the defendants seek entry of a

partial summary judgment in their favor on the issue of the employer's "good faith in its

failure to pay overtime to Plaintiff because upon the advice of counsel and based upon

an open discussion and information provided to counsel, established an employment

agreement whereby the employee Plaintiff, was granted benefits in excess fo the

minimum benefits guaranteed by the FLSA."  Def.'s Motion at 4 (DE# 27, 4/15/10).  The

defendants sought the advice of counsel, Manuel F. Fente, Esq., to establish a means

and method of employment of the sales staff for his companies that complied with the requirements of the FLSA.  Vega Depo. p. 23 (DE# 25-1, 4/1/10)  The defendants and their counsel jointly prepared the Release and Waiver of Overtime Compensation that is at issue. Fente Depo p. 14 (DE# 28-1, 4/15/10) The defendant's counsel is the individual defendant's brother-in-law.  Fente Depo. p. 13 (Id.)

The plaintiff argues that the issue of good faith at this time is premature because "there must first be a determination that [the] [d]efendants have violated the FLSA."  Pl.'s Response pp. 3, 5 (DE# 34, 5/10/10)  Alternatively, the plaintiff challenges the merits of the good faith issue on the grounds that: 1)  the defendants failed to have a reasonable objective belief by relying on the legal advice of a brother-in-law attorney without precedent that supports the position advanced; and 2) that the pre-employment agreement does not provide greater rights than those afforded by the FLSA because it deprived the plaintiff from the right to overtime pay.  Id. at 5.

The plaintiff further argues that the "[d]efendants do not offer any specific facts to show that they took reasonable steps to ensure compliance with the FLSA." Pl.'s Response p. 2 (DE# 34, 5/10/10).  The plaintiff further contends that the defendants "failed to outline facts to refute that any violations, if any, were committed knowingly or with reckless disregard."  Id.  Additionally, the plaintiff argues, and the Court agrees, that the defendants conclusory allegations regarding the defendants' disclosure in obtaining legal advice lacks record support.

Sub-section 216(b) of the FLSA provides in pertinent part that

[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid wages, or their unpaid overtime compensation, as

the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  Under the FLSA, another year is added to the two-year statute of limitations if the claim is one "arising out of a willful violation." 29 U.S.C. 255(a); Spires v. Ben Hill County, 980 F.2d 683, 689 (11th Cir. 1993).  To extend the statute of limitations to three years, "the employee must prove by a preponderance of the evidence that [her] employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was."  Alvarez Perez v. Sanford-Orlando Kennel Club, 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)); see Powell v. Carey Int'l, Inc., 483 F. Supp. 2d 1168 (S.D. Fla. 2007)(denying summary judgment on issue of willfulness due to fact question regarding evidence of employer's reliance on advice of counsel).

The Eleventh Circuit acknowledges that "Section 11 of the Portal-to-Portal Act ... provides a good faith defense to employers to an award of liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" Spires, 980 F.2d at 689 (11th Cir. 1993) (quoting 29 U.S.C. § 260)); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259 (11th Cir. 2008).

Section 260 of the FLSA provides in pertinent part:

In any action ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award

14

any amount thereof not to exceed the amount specified in section 216 of [the FLSA].

29 U.S.C. § 260.

The defendants acknowledge that they must satisfy the objective and subjective components of the burden of proving that they acted in good faith. The defendants cite Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1566 (11ᵗʰ Cir. 1991). The Dybach decision does not help the defendants. In Dybach, the Eleventh Circuit held as a matter of law that the employer was not entitled to the good faith defense because the employer failed to meet the objective standard of good faith.

In Dybach, the Eleventh Circuit explained that section 790.13 *et seq.* of the Code of Federal Regulations provides the applicable regulations regarding the good faith defense. "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law.' 29 C.F.R. § 790.22(c)(1987) ... [That test has] both subjective and objective components." Id. (quoting Bratt v. County of Los Angeles, 912 F.2d 1066, 1071-72 (9ᵗʰ Cir. 1990)). To establish subjective good faith, the burden of proof is on the employer to show that "'[it] had 'an honest intention to ascertain what [the Act] requires and to act in accordance with it.'" Id. (quoting Brock v. Shirk, 833 F.2d 1326, 1330 (9ᵗʰ Cir. 1987) (per curiam), vacated on other grounds, Shirk v. McLaughlin, 488 U.S. 806 (1988) (quoting EEOC v. First Citizens Bank of Billings, 758 F.2d 397, 403 (9ᵗʰ Cir. 1985), cert. denied, 474 U.S. 902 (1985)). Liquidated damages are mandatory if the employer cannot show both subjective and objective good faith. Id.; First Citizens Bank, 758 F.2d at 403.

15

In *dicta*, in <u>Dybach</u>, the Eleventh Circuit recognized that the subjective component of good faith, that is, an honest intention to comply with the FLSA, would have presented a fact question for a jury if the determination was needed in that case. <u>Id</u>. at 1567 (finding the employer "still must shoulder the 'additional requirement' of showing that the employer had reasonable grounds for believing that its conduct comported with the [FLSA]").  Ultimately, the <u>Dybach</u> court held as a matter of law that the employer failed to meet the objective standard of good faith.  <u>Id</u>.

The defendants do not even attempt to distinguish <u>Dybach</u>.  Instead, the defendants argue that the Release and Waiver of Overtime Compensation "was designed to and did exceed the benefits which the Plaintiff would have derived from the minimum benefits guaranteed by the FLSA."  Defs.' Motion p. 2. The defendants' good faith defense is based on their reliance on advice of counsel, Manuel A. Fente, Esq., and the Release and Waiver of Overtime Compensation that the defendants' contend provided the plaintiff with greater benefits than the FLSA.  Defs.' Motion p. 2.  In their Motion, the defendants fail to identify record evidence to establish what they disclosed to their attorney in seeking and obtaining his advice and whether that legal advice was reasonable.

The plaintiff challenges the defendants' reliance on legal advice on the grounds that: 1) the legal advice was provided by the individual defendant's brother-in-law; 2) that the defendants did not pay for the legal advice; and 3) that the defendant did not pay overtime for years.  Pl.'s Response p. 4.  The plaintiff argues that the defendants' claim of reliance on advice of counsel is insufficient because the attorney who rendered the legal advice to the defendants has failed to set forth precedent that supports the position

16

advanced.  Id. at pp. 4-5.

The plaintiff cites McGuire v. Hillsborough County, Florida, 511 F. Supp. 2d 1211, 1216-17, 1218 (M.D. Fla. 2007) (finding employer failed to show good faith by relying on non-binding case law outside of the Eleventh Circuit and failed to adequately consider Department of Labor regulations) (issue of willfulness could not be determined on summary judgment); Moon v. Technodent Nat'l, Inc., 2008 WL 2117053 *5 (M.D. Fla. 2008)(finding no evidence that the defendant had an objectively reasonable belief that the employer was complying with the FLSA); and Nash v. Resources, Inc., 982 F. Supp. 1427 (D. Or. 1997) (granting plaintiff's motion for summary judgment on defendant's failure to meet the objective good faith requirement).

During Mr. Vega's deposition, an objection based on attorney client privilege was made when the plaintiff's counsel inquired about the reasonably objective steps taken to ensure compliance with the FLSA. Pl.'s Response p. 2 (citing Vega Depo. pp 22-23) (DE# 25-1, 4/1/10).  During the deposition of defendants' counsel, Mr. Fente admitted that Lynn's Food Stores does not allow an employee to enter a contract that waives a right to overtime. Pl.'s Response p. 2  (citing Fente Depo. pp. 22 (DE# 28-1,).  Mr. Fente explained that the Release and Overtime Waiver agreement was valid because it was his position that the employee may elect between two choices, to be paid overtime or to be paid commission in addition to a flat hourly wage.  Id. at 23.  He testified that there was no waiver of overtime because the employee had no rights to overtime at the time she executed the Release and Waiver of Overtime agreement.  See, id. at p. 22.  The plaintiff argues that the cases that Mr. Fente provided pursuant to a subpoena for deposition duces tecum do not support Mr. Fente's position and were not cited in the

17

defendants motion.  Pl.'s Motion p. 2.

The undersigned agrees that mere reliance on the advice of counsel is insufficient to satisfy the defendants' burden in proving their good faith in failing to pay overtime. See Townley v. Floyd & Beasley Transfer Co., 1989 WL 205342 * 4 (N.D. Ala. 1989).  In Townley, the district court explained

> [t]his Court believes that to reap the benefit of the good faith defense of §
> 260 based on the advice of counsel the defendant must honestly and truly
> seek the advice of counsel, counsel must give advice that is reasonable in
> a legal sense, and the defendant must act in strict conformity with that
> advice.  As in this case, casually seeking and obtaining the advice of
> counsel is not even enough always to avoid a finding that a violation of the
> FLSA is "willful."   This court's recollection of the evidence convinces it that
> while [the employer] can be said to have sought legal advice, it did not
> furnish counsel information necessary for a legitimate legal opinion upon
> which it could rely and base a subsequent defense of "good faith."

Id. * 4.   Disputed fact questions exist as to what advice was sought, what disclosures were made by the defendants to their counsel, whether the legal advice was reasonable, and whether the defendants strictly complied with the legal advice.  The defendants are not entitled to summary judgment on their good faith defense based on advice of counsel.

The defendants also contend that they objectively acted in good faith because the Release and Waiver of Overtime Compensation agreement provided greater benefits than the minimum requirements of the FLSA.[2]  Defs.' Motion p. 5.  The cases cited by the defendants in their Motion for Partial Summary Judgment do not support their

_____

[2]The undersigned previously determined, in this Order (see supra pp. 10-11), that the plaintiff's contractual waiver of overtime in the Release and Waiver of Overtime Compensation is preempted by the FLSA.  See  Barrentine, 450 U.S. at 740; O'Neil, 324 U.S. at 707; Lynn's Food Stores, 679 F.2d at 1352.

position. See Defs. Motion p. 5 (citing Fernandez v. Belly, Inc., 2006 WL 5159188 (M.D. Fla. 2006); Freeman, 146 F.3d at 1298).  Fernandez and Freeman are inapposite.  In Fernandez, the court entered default judgment against the defendant for failing to answer the complaint and thus, failing to raise a good faith defense.  The issue of preemption is not discussed in Fernandez.  In Freeman, the Eleventh Circuit found that the contractual claim based on an employment contract was preempted because the contract was not more generous than the FLSA; it simply incorporated the FLSA overtime provision.

The plaintiff argues that the issue of "good faith" is premature as the issue of the defendant's violation of the FLSA and whether it was willful have yet to be determined.[3] Defs.' Response p. 3; Turner v. Aldo U.S., Inc., 2009 WL 248267 *4 (M.D. Fla. 2009); see Rodriguez, 518 F.3d at 1272 (11th Cir. 2008) ("An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor.").  The Court agrees.

The Eleventh Circuit has ruled that "[w]here the jury decides willfulness for statute of limitations purposes ... it will be called upon to do so in cases, like this one, where the failure to pay overtime occurred more than two years before the action was filed."[4] Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir.

_____

[3]The defendants have not moved for summary judgment regarding the appropriate statute of limitations.

[4]Under the FLSA, an action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C.  §255.

2008) (internally citing <u>Fowler v. Land Mgmt. Groupe, Inc.</u>, 978 F.2d 158, 163 (4th Cir. 1992)).  In <u>Alvarez Perez</u>, the Eleventh Circuit explained that it was "unable to find an [Eleventh Circuit] FLSA decision squarely holding that the decision about whether the employer acted willfully for purposes of determining the statute of limitations period is to be decided by the jury."  <u>Id</u>. n.3.  The Eleventh Circuit assumed it was a jury question because the district court and the parties assumed that the jury was to decide the issue of willfulness.  <u>Id</u>.

Many district court decisions have likewise found that willfulness under the FLSA is a jury question.  <u>See</u> <u>Turner</u>, 2009 WL 248267 *4; <u>Morrison v. Quality Transports Services, Inc.</u>, 474 F. Supp. 2d 1303, 1313 (S.D. Fla. 2007) ("The issue of willfulness under §255(a) is a question of fact for the jury not appropriate for summary disposition.") (citation omitted); <u>McGuire v. Hillsborough County, FL</u>, 511 F. Supp. 2d 1211, 1218 (M.D. Fla. 2007) (citing Notes to Pattern Jury Instruction 1.7.1, Eleventh Circuit Pattern Jury Instructions (Civil), 2005 edition).

Before the Court may entertain the defense of "good faith," the jury must determine whether the defendants violated the FLSA and whether such violation was willful for purposes of determining whether the three year statute of limitations applies.  Thus, the good faith issue presents fact issues that must be decided by a jury.  The defendants are not entitled to entry of a partial summary judgment on their good faith defense.

## **CONCLUSION**

The plaintiff is entitled to partial summary judgment.  The overtime waiver is invalid because it is preempted by the FLSA and Avelino Vega is an employer under the

FLSA.  The defendant is not entitled to partial summary judgment on its "good faith" defense because there are disputed factual issues.  Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Partial Summary Judgment (DE# 24, 4/1/10) is GRANTED and the Defendant's Motion for Partial Summary Judgment on the Issue of the Employer's Good Faith (DE# 27, 4/15/10) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this <u>26th</u> day of July, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Seitz
All counsel of record